IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

OPPENHEIMER AND COMPANY, INC.,

    Plaintiff,

vs.                                                                 Case No. 06-2450-JTM

RED SPEEDWAY, INC., RED CAPITAL
DEVELOPMENT, L.L.C., and RED
DEVELOPMENT, L.L.C.,

    Defendants.

MEMORANDUM AND ORDER

    This matter is before the court on defendants' Motion to Dismiss. Plaintiff Oppenheimer and Company, Inc. ("Oppenheimer") is an investment banking corporation and the successor to a similar entity, Fahnestock.& Company. Defendants RED Speedway, RED Capital Development, and RED Development (here, collectively, "RED") are corporations or limited liability companies which own or operate commercial real estate.

    According to the Complaint, on May 13, 2003, Oppenheimer and RED Capital Development entered into an agreement under which the plaintiff would "perform investment banking, consulting, advising, tax, and real estate development services through July 1, 2003 in exchange for payment of $1,000,000." The Complaint also alleges that some time after July 1, 2003 all the parties entered into an oral agreement, under which Oppenheimer would provide similar services for another $1,000,000. The Complaint further alleges that on September 9, RED Speedway paid Oppenheimer $1,000,000 for the services Oppenheimer rendered after July 1, 2003. In consideration for this

payment, Oppenheimer gave RED Speedway a lien waiver solely as to the oral agreement. Oppenheimer now has brought claims for breach of contract (Count 1), quantum meruit (Count 2), and unjust enrichment (Count 3). Plaintiff alleges that RED Capital assigned its rights and obligations under the contract to the other RED entities. (Dkt. No. 1, at ¶ 9)

The defendants' motion to dismiss centers on the May 13 agreement. According to RED, on April 28, 2003, Fahnestock Executive Vice President Rick Worner sent Dan Lowe of RED Capital Development a letter memorializing an agreement under which RED Capital Development would pay $1,000,000 for Worner's services, with half the sum payable "upon the start of Phase 2 funding of the Village West project in Kansas City, Kansas (expected July 1, 2003)," and the other half due October 1, 2003. The letter further provided that "[t]he fees outlined above do not include any services for the various Hard Rock projects that are being contemplated. A separate agreement will be executed for those projects." (Dkt. No. 1, Exh. A). RED contends that the Complaint's allegation of a subsequent oral agreement is inconsistent with the language in the April 28, 2003 letter, in that the letter "contemplated a separate, executed agreement." (Dkt. No. 7, at 3-4). RED also contends that the Complaint's discussion of the putative oral agreement is conclusory. According to RED, the payment of $1,000,000 to the plaintiff was payment pursuant to the May 13, 2003 agreement, not an alleged subsequent oral agreement.

More specifically, RED argues that the Complaint fails to sufficiently allege the existence of an oral contract, or that the $1,000,000 was paid pursuant to that agreement. The defendants further argue that RED Speedway and RED Development should be dismissed because the Complaint fails to allege that RED Speedway and RED Development have assumed the obligations under the agreement. The defendants also contend that the court should dismiss Counts 2 and 3

because there was no unjust enrichment or benefit to the defendants from the alleged oral agreement, and that there is no basis for an award of attorney fees or for prejudgment interest in the case.

The essence of the plaintiff's position is that the million dollar payment rendered by RED was for the services rendered as to the "Hard Rock projects" oral agreement, and that RED has failed to pay for the Village West services reflected in the May 13 letter. The essence of the defendants' position is that its payment was for the Village West services, and that there was no subsequent oral agreement.

The Complaint explicitly alleges the existence of an oral contract arising after July 1 for the additional services:

> Subsequent to July 1, 2003, Oppenheimer and RED Speedway, RED Capital Development, and/or RED Development entered into an oral agreement by which Oppenheimer agrees to furnish additional investment banking, consulting, advisory, tax, and real estate development services and RED Speedway, RED Capital Development, and/or RED Development agreed to pay $1,000,000.

(Dkt. No. 1, at ¶ 12). The Complaint also alleges that RED Speedway and RED Development assumed the obligations of the Village West agreement. (Id, at ¶ 16, 18). Finally, the Complaint directly alleges that the plaintiff rendered services to the defendants, and that the defendants have benefitted from plaintiff's services, but defendants have not paid for them. (Id. at ¶¶ 25-26, 9-30).

For purposes of resolving a motion to dismiss, the court must accept as true all well-pleaded facts and view those facts in the light most favorable to plaintiff. *See Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs.,* 175 F.3d 848, 855 (10 Cir.1999). The court may not grant relief "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10 Cir.1997) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46,(1957)). The court finds that the

plaintiff has adequately alleged the existence of a contract as well as the basic elements of its three claims against the defendants.

The court will grant a partial dismissal as to plaintiff's claims for prejudgment interest and attorney fees. The defendants correctly note that the Complaint fails to articulate any specific grounds for an award of attorney fees herein, and further argues that an award of prejudgment interest is inappropriate in light of the uncertain or unliquidated nature of the amount owing to the plaintiff. *See Hawkinson v. Bennet*, 265 Kan. 564, 962 P.2d 445 (1998). The plaintiff's response fails to address the issue of attorney fees. The plaintiff does state that prejudgment interest should be awarded because the amount owing on the April agreement was fixed and certain: one million dollars.

The court will dismiss plaintiff's claims for attorney fees, and its claim for prejudgment interest as to Count 2, but will deny defendants' motion to dismiss the prejudgment interest claim as it relates to Counts 1 and 3.

Kansas law appears to restrict the ability to award prejudgment interest in the case of claims for quantum meruit. *See Miller v. Botwin*, 258 Kan. 108, 899 P.2d 1004 (1995) (a quantum meruit judgment "does not draw prejudgment interest because the amount due is not liquidated until the trial court's determination of the amount"); *Marcotte Realty & Auction, Inc. v. Schumacher*, 229 Kan. 252, 268, 624 P.2d 420, 432 (1981). On the other hand, there is authority for the proposition that the court has discretion under Kansas law to award prejudgment interest on claims of unjust enrichment. *See Beck v. Northern Natural Gas*, 1997 WL 1048337, at *2 (D. Kan. 1997) ("[i]nsofar as plaintiffs' claim for unjust enrichment is concerned, however, the court concludes that it has some discretion in determining whether or not to award prejudgment interest") *See Lightcap v. Mobil Oil*

4

*Corporation*, 221 Kan. 448, 468, 562 P.2d 1, cert. denied 434 U.S. 876, 98 S.Ct. 228, 54 L.Ed.2d 156 (1977)

Construing all of the potential facts in Oppenheimer's favor, prejudgment interest may be appropriate on plaintiff's breach of contract claim. The defendants contend that such an award is inappropriate because "[t]he exact services rendered before July 1, 2003 and the portion of payment applicable to those services is not certain." But while the letter agreement may not explicitly recite the services rendered, it does set an exact amount ($1,000,000) and further provides two events by which payment is due. One of these events is a calendar date. The other is "the start of Phase 2 funding of the Village West project in Kansas City, Kansas." Both dates are reasonably ascertainable, and the court finds no basis for excluding an award of prejudgment interest at this time.

IT IS ACCORDINGLY ORDERED this 6th day of February, 2007 that the defendants' Motion to Dismiss (Dkt. No. 6) is granted as to the plaintiff's claims for attorney fees and as to its claim of prejudgment interest under Count 2 of the Complaint, and is otherwise denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE