IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| OPPENHEIMER & CO., INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 06-2450-JTM ) |
| RED SPEEDWAY, INC., et al., | ) ) |
| Defendants. | ) ) |

## **ORDER**

This breach of contract case comes before the undersigned U.S. Magistrate Judge, James P. O'Hara, on the motion of the plaintiff, Oppenheimer & Co., Inc., to amend the pleadings **(doc. 57)**. The defendants, RED Speedway, Inc. ("RED Speedway"), RED Capital Development, L.L.C. ("RED Capital Development"), and RED Development, L.L.C. ("RED Development"), filed a response (doc. 58), and plaintiff filed a reply (doc. 59). For the reasons explained below, plaintiff's motion is granted.

Plaintiff is an investment banking and financial advisory firm. Defendants are corporations or limited liability companies that own and operate commercial real estate. On October 17, 2006, plaintiff filed a complaint seeking to recover payment for services allegedly rendered to defendants in connection with defendants' development of a retail development known as the Legends of Village West in Kansas City, Kansas (the "Project") (doc. 1). Plaintiff asserted breach of contract, quantum meruit, and unjust enrichment claims against all defendants.

On March 23, 2007, the court entered a scheduling order which set the deadline for

the parties to file motions to join additional parties or otherwise amend the pleadings as May 31, 2007 (*see* doc. 18, at 8). On November 20, 2007, the parties filed a joint motion to amend the scheduling order requesting extensions of most deadlines in the scheduling order, except for the deadline to file motions to join additional parties or otherwise amend the pleadings (*see* doc. 22). The court granted the parties' joint motion and entered an amended scheduling order (doc. 26). Notably, no certificates of service reflecting discovery had been started were filed between the court's entry of the original scheduling order and the parties' joint motion to amend the scheduling order.

After not receiving the parties' proposed pretrial order by the extended May 5, 2008 deadline, the court conducted a telephone status conference with counsel for the parties on May 13, 2008. Indeed, the parties had not complied with most of the deadlines in the amended scheduling order, including the discovery cutoff. During the conference, the parties again jointly requested to extend all deadlines in the case.

The court granted the extensions and entered a second amended scheduling but made no finding that the parties had shown good cause for the requested extensions (*see* doc. 41). The court stated it would decline to approve further stipulated extensions absent a strong showing of good cause and a demonstration of diligence on the part of the parties and counsel. The court also admonished the parties that they should timely move for necessary extensions, instead of simply agreeing to ignore the deadlines set by the court.

All discovery was to be completed by September 30, 2008. The case is currently set on a trial calendar beginning on June 9, 2009. During the final pretrial conference on

October 24, 2008, plaintiff indicated it may seek to amend the pleadings. Although discovery had since closed, plaintiff deposed Dan Lowe, a managing principal of RED Development, on October 28, 2008. Plaintiff now seeks to amend its pleadings based on Mr. Lowe's deposition testimony.

Plaintiff claims it learned about the role, responsibility, and creditworthiness of RED Capital Development only through Mr. Lowe's recent deposition. Specifically, plaintiff states RED Capital Development's charter was revoked in 1999 and it was not involved in the Project, received no monies in connection with the Project, incurred virtually no liabilities in connection with the project, undertook no duties with respect to the project, and received none of the benefits deriving from the Project. Mr. Lowe also stated in his deposition his understanding that plaintiff was rendering its services for the benefit and development of the Project and therefore, by extension, at least to the owner of the Project, RED Speedway.

Because RED Capital Development is defunct, plaintiff now seeks to amend the pretrial order to add claims for quantum meruit and unjust enrichment against RED Speedway and RED Development for the period between the commencement of plaintiff's services and June 30, 2003. Plaintiff states that because there was a contract with RED Capital Development, its proposed claims for quantum meruit and unjust enrichment are capped at the contract amount of $1,000,000.

Under Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave.

The court should freely give leave when justice so requires." Generally, the court denies leave to amend "upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment."[1]

As stated above, the court's original scheduling order set May 31, 2007 as the deadline to file any motions to amend the pleadings. Because the instant motion was filed one year and five months after the deadline for filing such motions expired, the court must examine the liberal amendment policy of Fed. R. Civ. P. 15(a)(2) in conjunction with the good cause standard of Fed. R. Civ. P. 16(b)(4). That is, courts in this jurisdiction consistently have held that, when considering a motion to amend filed after the date established in a scheduling order, the court must determine whether "good cause" within the meaning of Fed. R. Civ. P. 16(b)(4) has been sufficiently demonstrated to justify allowing the untimely motion and if the Fed. R. Civ. P. 15(a) standards have been satisfied.[2]

Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The party seeking to extend a scheduling order deadline must establish good cause by proving the deadline could not have been met with diligence.[3]

---

[1] *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[2] *See, e.g.*, *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995) (applying this two-part inquiry) (citing *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990)); *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993) (same).

[3] *Denmon*, 151 F.R.D. at 407.

Plaintiff filed the instant motion on October 30, 2008, only two days after Mr. Lowe's deposition. Defendants argue plaintiff has not shown good cause because it did not exercise reasonable diligence in discovery and engaged in back-end discovery. Defendants also argue plaintiff failed to request an extension of the deadline to file motions to amend the pleadings when the parties made their joint requests for numerous extensions.

In its reply, plaintiff notes its ability to file the instant motion earlier was somewhat frustrated by defendants' actions. In March 2008, counsel for both parties agreed Mr. Lowe's deposition would not occur until plaintiff had received defendants' discovery responses (*see* doc. 59, ex. A). Plaintiff filed a motion to compel regarding the discovery, which the court granted on June 30, 2008 (doc. 46). Although the court ordered defendant to respond to the discovery requests by July 11, 2008, plaintiff states the responses were not delivered until August 29, 2008. Mr. Lowe's deposition was scheduled soon thereafter, but was postponed because of a serious family illness.

The court notes that both parties back-loaded discovery in this case. Indeed, the parties made two joint requests to extend virtually all deadlines in this case, after most had already expired. The court will not allow defendants to benefit from the delays in this case that both parties caused. Given the delays in this case on the part of both parties, the court finds plaintiff could not have filed this motion to amend its pleadings before the May 31, 2007 deadline set in the court's original scheduling order. The court therefore finds plaintiff has established good cause to extend the deadline to file motions to amend the pleadings.

Defendants' response to the instant motion only argues that plaintiff failed to show

good cause.  Defendants did not argue plaintiff's proposed amendments would cause them prejudice, were unduly delayed, are futile, made in bad faith, or are the result of dilatory motive.  Plaintiff notes that defendants' defenses to the claims in the complaint are applicable to its proposed claims.  Plaintiff also argues that defendants cannot claim surprise by the amendment or that they will need to conduct additional discovery.

In sum, the court finds there has been no showing of undue delay, bad faith, undue prejudice to defendants, or futility of amendment.  The court finds justice requires plaintiff be granted leave to amend its pleadings.  Plaintiff's motion to amend pleadings **(doc. 57)** is granted.  Plaintiff's proposed amendments will be reflected in the pretrial order entered by the court immediately after filing this order.

IT IS SO ORDERED.

Dated this 5th day of November, 2008, at Kansas City, Kansas.

   s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge