IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

OPPENHEIMER & CO. INC.,

       Plaintiff,

       vs.                   Case No. 06-2450-JTM

RED SPEEDWAY, INC., RED CAPITAL
DEVELOPMENT, L.L.C., and RED
DEVELOPMENT, L.L.C.,

       Defendants.

MEMORANDUM AND ORDER

This matter is currently before the court on the motion of plaintiff Oppenheimer & Co. for reconsideration (Dkt. No. 73) of the court's prior Order (Dkt. No. 72) denying summary judgment to plaintiff and granting partial summary judgment to the defendants.  In that Order, the court held that the plaintiff's quasi-contract remedies against the defendants were barred by the existence of an express contract. The plaintiff seeks only limited reconsideration of the order. Specifically, Oppenheimer seeks reconsideration of the determination that the remedies of quantum merit and unjust enrichment are barred as to the defendant RED Speedway.

A motion to reconsider under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position,

the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

The court has previously determined (Dkt. No. 72, at 5) that plaintiff's claim asserts an express written agreement with defendant RED Capital Development to provide investment banking services, and that, by assignment or assumption, defendant RED Speedway is also a party to that agreement by the intent of the parties, by assignment or by assumption. *See also* Pretrial Order (Dkt. No. 61) at ¶¶ 5(a) and 8(g).

The court finds that reconsideration is not justified. The plaintiff provided investment banking services pursuant to an express contract claim, and may not simultaneously advance quasi-contract claims arising from the same services. The plaintiff's motion essentially reargues an issue previously resolved by the court's earlier Order, and no relief for such reargument is contemplated by Rule 59(e).

IT IS ACCORDINGLY ORDERED this 18th day of May, 2009, that the plaintiff's Motion for Reconsideration (Dkt. No. 73) is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE